UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA; and
THE STATES OF CALIFORNIA,
COLORADO, CONNECTICUT,
DELAWARE, FLORIDA, GEORGIA,
HAWAII, ILLINOIS, INDIANA, IOWA,
LOUISIANA, MARYLAND,
MASSACHUSETTS, MICHIGAN,
MINNESOTA, MONTANA, NEVADA,
NEW HAMPSHIRE, NEW JERSEY,
NEW MEXICO, NEW YORK, NORTH
CAROLINA, OKLAHOMA, RHODE
ISLAND, TENNESSEE, TEXAS,
VIRGINIA, WASHINGTON, WISCONSIN,
and THE DISTRICT OF COLUMBIA;

*ex rel.* WILLIAM NASH, JR.,

                Plaintiff,

        v.

UCB, INC.,

                Defendant.

No. 14-cv-2218 (TPG)

OPINION

      William Nash, Jr., as relator and plaintiff in the above-captioned matter, moves to indefinitely maintain the seal on all documents filed in this case. Alternatively, Nash moves for leave to file a superseding complaint under the pseudonym "John Doe" and to redact any information that could reveal his identity to the public. In the event that the Court denies both of those requests, Nash further moves for leave to file partially redacted copies of the instant motion and supporting memoranda. Nash's requests are unopposed.

1

For the following reasons, Nash's motions to maintain the seal and to file a superseding complaint under a pseudonym are denied. The Court, however, grants Nash's motion to file partially redacted copies of the instant motions.

**BACKGROUND**

Nash filed this action on March 28, 2014 under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*, and the relevant parallel state false claims statutes against defendant UCB, Inc. The basic thrust of Nash's allegations is that UCB, Inc. defrauded the federal government out of millions of dollars in Medicaid funds.

This FCA action, however, has remained dormant since its filing largely because of the procedural idiosyncrasies found under the FCA. Pursuant to 31 U.S.C. § 3730(b)(2), this case was filed under seal, in camera, and has not been served on defendant. The United States of America (the "Government") then moved repeatedly under 31 U.S.C. § 3730(b)(3) to extend the time during which the complaint remains under seal so that the Government could investigate further into whether it would intervene in this action. The Court granted each of the Government's requests, which effectively stayed this action.

On December 16, 2016, however, the Government filed a Notice of Decision to Decline to Intervene. Shortly thereafter, the States of California, Colorado, Connecticut, Delaware, Florida, Georgia, Indiana, Iowa, Louisiana, Massachusetts, Maryland, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, Oklahoma, Rhode Island, Tennessee, Texas, Washington, Wisconsin, the Commonwealth of Virginia, and the District of

Columbia filed notices indicating that they, too, were declining to intervene in this action.

The Court issued two orders on December 20, 2016, which required, among other things, that the Amended Complaint be unsealed in sixty days and authorized Nash to proceed with service on defendant.

## DISCUSSION

On January 6, 2017, Nash filed a motion with the Court: (1) to permanently maintain the seal on all documents filed in this action in their entirety; or (2) in the alternative, to allow Nash to file a superseding complaint under the pseudonym "John Doe" and to remove all information that could reveal his identity. In the event the Court denies both requests, Nash further requests to file a redacted version of the instant motion, which would remove any reference to his current employer. The Court addresses each of these requests in turn below.

### I.   Motion to Maintain the Seal Indefinitely

In this circuit, there is a "firmly rooted" presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). But before this presumption attaches to any particular document, the Court must "first conclude that the documents at issue are indeed 'judicial documents.'" *Id.* If the court determines that a "document is a judicial document and therefore that at least a common law presumption of access applies, we must 'determine the weight' of the presumption of access.

*United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014) (citing *Lugosch*, 435 F.3d at 119).

The weight of the presumption of access, in turn, is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Under these circumstances, the court simply balances any competing interests against disclosure against the presumption of public access to determine whether a judicial document should be sealed from the public. *Erie County*, 763 F.3d at 239.

But where the documents at issue "have historically been open to the press and general public" and public access to those documents "plays a significant positive role in the functioning of the particular process in question," the presumption of access to judicial documents must be analyzed in light of the First Amendment of our Constitution. *Id.* In that case, the documents may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *Id.* (quotations and citations omitted).

Here, Nash contends that his Complaint, Amended Complaint and all other documents filed in this action are not judicial documents. As support,

Nash argues that the "common law presumption of judicial access should not apply here, where neither complaint has been subject to substantive judicial determination." Pl. Br. at 6.

However, a pleading's status as a judicial document does not, as Nash suggests, hinge on whether it has been subject to adjudication or has been voluntarily dismissed. *See United States ex rel. Grover v. Related Cos., LP*, 4 F. Supp. 3d 21, 26 (D.D.C. 2013) (holding that the "presumption of public access to judicial proceedings" applies to a Complaint even if it has not been subject to adjudication). As discussed above, a pleading is deemed a judicial document if it is "relevant to the performance of judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Nash cannot reasonably contend that his Complaint and Amended Complaint were irrelevant or useless to the Court's judicial functions. It also cannot be the case that a document ceases to be a judicial document simply because the plaintiff ultimately voluntarily dismisses his action. *See United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) ("Voluntary dismissals of FCA actions do not render the allegations any less relevant to the taxpaying public."). Thus, the Court finds that the presumption of access attaches to the documents filed in this case.

Next, Nash argues that even if the presumption of access applies to the documents filed in this case, the presumption is outweighed by two countervailing considerations. The first of these considerations is that Nash

fears retaliation from his current employer after it becomes known that he was an FCA whistleblower against his *former* employer.

Courts generally do not find that the risk of employer retaliation outweighs the presumption of public access to documents filed in FCA actions. *United States ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 785 (E.D. Mich. 2008) ("[T]he Court does not believe that Plaintiff-Relator's fear of retaliation by her current employer or future employers is sufficient to overcome the strong presumption in favor of access to judicial records."); *see also Grover*, 4 F. Supp. 3d at 26–27 ("Harm to reputation and career as a result of filing a lawsuit is not the sort of property or privacy interest that courts have found compelling[.]"); *United States ex rel. Wenzel v. Pfizer, Inc.*, 881 F. Supp. 2d 217, 222 (D. Mass. 2012) (finding that the relator's fear of employment retaliation was too speculative to overcome the presumption of judicial access to documents filed in FCA claims).

Furthermore, Congress provided a remedy for whistleblower retaliation under the FCA. 31 U.S.C. § 3730(h). The FCA, in relevant part, specifically provides that:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter."

*Id.* If Nash's speculative fear of employment retaliation materializes, he may find recourse under the FCA's anti-retaliation provisions.

Nash's second countervailing consideration against disclosure is similarly unavailing. Nash contends that the materials filed in this action remain under seal indefinitely because he "chose to forego" an individual right of action for wrongful termination against his former employer and instead pursued this FCA claim. Pl. Br. at 7. While this may be true, the Court does not see how Nash's sacrifice has any bearing on the presumption of public access to judicial documents.

In sum, Nash has failed to demonstrate any countervailing interests that outweigh the presumption of public access to judicial documents. The Court therefore denies Nash's request to maintain the seal on all documents filed in this matter.

## II.    Motion to Proceed Under a Pseudonym

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint must name all the parties. The Second Circuit has stated that "[t]his requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2012). There are, however, some limited circumstances in which this requirement may be set aside. *Id.* The Second Circuit has held that a "party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs [1] the prejudice

to the opposing party and [2] the public's interest in knowing the party's identity." *Id.* at 189 (internal quotations and citations omitted).

When applying this balancing test, courts consider the following non-exhaustive list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (internal quotations and citations omitted). Because of the fact-intensive nature of this inquiry, district courts have discretion in deciding whether to grant or deny a motion to proceed under a pseudonym. *Id.* (holding that a district court's decision to grant or deny an application to litigate under a pseudonym is reviewed only for abuse of discretion).

The Court finds, as an initial matter, that Nash's articulated need for anonymity is based on attenuated and speculative risks of harm. As discussed above, Nash is no longer employed by the defendant in this case, which is the only entity that would have a direct incentive to take retaliatory action against

him. But Nash fears that his *current* employer *might* take retaliatory action against him based on one instance in which his current employer threatened to bring a malicious prosecution claim against a *different* whistleblower-employee.

The public has a "right to know who is using their courts." *Id.* at 188 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The Court declines to impinge upon that public right on the basis of mere speculation. Because Nash does not articulate any other reasons as to why he needs anonymity, the Court denies his motion to proceed under a pseudonym.

### III.   Motion to File a Redacted Version of the Instant Motion

In the event that the Court denies Nash's motions to maintain the seal and to proceed under a pseudonym, Nash submits a third request to file a redacted version of the instant motion to remove any reference to his current employer. The Court reviews this request under the same standard as a motion to seal documents, which standard is discussed in more detail above. *Exelis, Inc. v. SRC, Inc.*, No. 5:12-CV-0858(GTS/TWD), 2013 WL 5464706, at *1 (N.D.N.Y. Sept. 30, 2013) (construing a motion to redact under the same standard set forth in *Lugosch*, 435 F.3d 110 (2d Cir. 2006)).

In this instance, the Court finds that the weight of the presumption of public access to the identity of Nash's current employer is low. *Lugosch*, 435 F.3d 119 ("The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal

courts."). Nash's current employer is not a party and its identity is entirely irrelevant to the merits of the underlying case. In fact, the identity of Nash's current employer surfaced only because of arguments raised in this instant motion; had Nash not filed this motion or had he argued differently, the identity of his current employer would never have become an issue in this case.

Of course, the public nevertheless has an interest in monitoring the judicial process. *Lugosch*, 435 F.3d at 119 (quoting *Amodeo*, 71 F.3d at 1048)). Furthermore, the public's ability to monitor the judicial process "is not possible without access to testimony and documents that are used in the performance of Article III functions." *Id.* But redacting the identity of Nash's current employer would not disturb the public's ability to monitor this Court's functions. The public can still glean from this opinion the substance of Nash's arguments and the manner in which it handled them, even if parts of Nash's arguments are redacted.

The Court therefore grants Nash's request to file a partially redacted copy of the instant motion.

## CONCLUSION

In sum, the Court denies Nash's motions to maintain the seal indefinitely and to proceed under a pseudonym but grants Nash's motion to file a redacted version of the instant motion. Additionally, the Court orders that the documents in this case shall remain under seal until March 3, 2017.[1] On

---

[1] This amends the Court's previous orders issued on December 20, 2016, which had ordered the relevant documents in this case to be unsealed on February 20, 2017.

March 3, 2017, all documents filed in this case—except for those identified for indefinite sealing in the Court's December 20, 2016 orders—shall be unsealed.

SO ORDERED.

Dated:      February 24, 2017
            New York, New York

                                        Thomas P. Griesa
                                        United States District Judge